1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN F. KENDRICK, | No. 2:23-cv-2978 DJC AC P |
| Plaintiff, | |
| v. | ORDER |
| PATRICK COVELLO, et al., | |
| Defendants. | |

Plaintiff is a state inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

  I.  Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. § 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

1  claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.
2  Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on
3  an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S.
4  at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an
5  arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

6  In order to avoid dismissal for failure to state a claim a complaint must contain more than
7  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
8  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
9  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10 statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the
11 court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial
12 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
13 inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When
14 considering whether a complaint states a claim, the court must accept the allegations as true,
15 Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most
16 favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

17  II.    Factual Allegations of the Complaint

18  Plaintiff alleges that defendants Covello, Rodgers, Norgaard, Doe 1 (the Director of
19 Corrections), and Doe 2 (the Associate Warden at Mule Creek State Prison) violated his rights
20 under the Eighth and Fourteenth Amendments.  ECF No. 1.  He asserts that Rodgers, Norgaard,
21 and Doe 2 relied on a police report to mislabel plaintiff with an "R" suffix—indicating sex
22 offender status—despite plaintiff never having been prosecuted or convicted of a sex offense, nor
23 required to register as a sex offender.  Id. at 4-5.  Covello and the Doe 1 "continue[d] to violate
24 plaintiff['s] rights by not over turning the other defendants decision."  Id. at 6.  Due to this
25 mislabeling, plaintiff has been denied prison jobs, lower custody where he could earn good time
26 credit and be eligible for early release, access to the "MCRP" program, and has been targeted by
27 other inmates.  Id. at 4-6.  Plaintiff seeks $50,000 per violation per defendant, $100,000 in
28 ////

punitive damages from defendants Rodgers, Norgaard, and Doe 2, and removal of the "R" suffix and placement in the MCRP program. Id. at 7.

### III. Failure to State a Claim

Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the complaint does not state a valid claim for relief pursuant to the Eighth or Fourteenth Amendment against *any* defendant.[2]

An inmate who has not been convicted of a sex offense can be assigned an "R" suffix. If the "R" suffix is coupled with a mandatory treatment program or imposes an atypical and significant hardship on plaintiff outside the ordinary incidents of prison life, the inmate is entitled to procedural protections. In this case, plaintiff has not alleged that he was entitled to those procedural protections, and even assuming that he was, he has not alleged that he did not receive them.

To the extent plaintiff is attempting to argue another liberty or property interest that would entitle him to procedural protections, such as employment or participation in the MCRP program, he has also failed to do so. See e.g., Walker v. Gomez, 370 F. 3d 969, 973 (9th Cir. 2004) (no liberty or property interest in prison employment); Kimbrough v. Mosely, No. 22-cv-458-LL (NLS), 2023 WL 3485254, at *3, 2023 U.S. Dist. LEXIS 85987, at *5 (S.D. Cal. May 16, 2023) ("The right to take part of the MCRP system is not a liberty interest that is recognized under the 14th Amendment."); Patterson v. Cortez, No. ED CV 19-0907-RGK (PLA), 2019 WL 3802194, at *5, 2019 U.S. Dist. LEXIS 136789, at *13, 15 (C.D. Cal. Aug. 13, 2019) (citation and quotation marks omitted) (finding that a prisoner does not have "a liberty interest to be placed into a community correctional facility via the MCRP program" "unless he can show that his housing assignment imposes an atypical and significant hardship on plaintiff in relation to the ordinary incidents of incarceration" (internal quotation marks omitted).

Plaintiff's equal protection claims also fail because plaintiff has not alleged that he is a member of a protected class, United States v. LeMay, 260 F.3d 1018, 1030-31 (9th Cir. 2001)

---

[2] The allegations against Covello and Doe 1 appear to be based on supervisory capacity, which is insufficient to state a § 1983 claim.

(sex offenders are not a protected class for purposes of the equal protection analysis), or that defendants *intentionally* treated him differently from similarly situated individuals without a rational relationship to a legitimate government purpose. At most, plaintiff alleges potential mistake in classification.

Plaintiff also fails to allege a claim for cruel and unusual punishment against any defendant resulting from his "R" suffix classification. First, it's unclear whether plaintiff was in fact attacked by other prisoners or exposed to any other real, non-speculative harm. Plaintiff merely alleges in conclusory terms that he was "prayed upon" and targeted by other prisoners because of his classification. Without more, the court is unable to infer whether plaintiff was exposed to a sufficiently substantial risk of harm. Furthermore, plaintiff's allegations do not establish that any of the defendants were deliberately indifferent to his safety. Plaintiff does not allege that other inmates know of plaintiff's "R" suffix classification and any defendant is aware of this and has failed to mitigate the risk. Nor has plaintiff alleged that defendants told other inmates about plaintiff's classification, putting him at risk of assault. See Valdez v. Marques, No. 21-cv-1500 MMA (RBM), 2021 WL 4690511, at *3-4, 2021 U.S. Dist. LEXIS 194474, at *9-10 (S.D. Cal. Oct. 7, 2021) (collecting cases that have found an Eighth Amendment claim where a defendant has identified an inmate as a sex offender in front of other inmates for the purpose of putting him at risk of assault).

Because of these defects, the court will not order the complaint to be served on defendants. Plaintiff may try to fix these problems by filing an amended complaint. In deciding whether to file an amended complaint, plaintiff is provided with the relevant legal standards governing his potential claims for relief which are attached to this order. See Attachment A.

IV.   Change of Address

At the time of filing, plaintiff was incarcerated at Mule Creek State Prison. ECF No. 1. It appears he is now incarcerated at Salinas Valley State Prison. Plaintiff is reminded of his obligation to update his address with the court. See L.R. 182(f) (A "pro se party is under a continuing duty to notify the Clerk and all other parties of any change of address."). As a one-time courtesy, the court will direct the Clerk of the court to update plaintiff's address. For future

purposes, to ensure the court is properly notified of any change of address, plaintiff must file a notice clearly identified as a "Notice of Change of Address." Failure to properly notify the court of any change of address could result in dismissal of this action. See L.R. 183(b).

V.  Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Your complaint will not be served because the facts alleged are not enough to state a claim. You are being given a chance to fix these problems by filing an amended complaint. If you file an amended complaint, pay particular attention to the legal standards attached to this order. Be sure to provide facts that show exactly what each defendant did to violate your rights. **Any claims and information not in the amended complaint will not be considered.** If you relocate, you must update your address with the court for any pending case.

VI.  CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within **thirty days** from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

5. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

////

////

1      6.  The Clerk of the Court is directed to update the docket to reflect plaintiff's updated address at Salinas Valley State Prison and to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: December 27, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I. Legal Standards Governing Amended Complaints

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

II. Legal Standards Governing Substantive Claims for Relief

A. Personal Involvement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

1

Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

### B. Supervisory Liability

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit . . . the term "supervisory liability" is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding is only liable for his or her own misconduct."). When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged; that is, a plaintiff must allege some facts indicating that the defendant either personally participated in or directed the alleged deprivation of constitutional rights or knew of the violations and failed to act to prevent them. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825, 836-38 (1970).

### C. Fourteenth Amendment Due Process

The Fourteenth Amendment prohibits the state deprivation of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1. To warrant protection under this clause, a plaintiff must establish that their life, liberty, or property interest is at stake. Tellis v. Godinez, 5 F.3d 1314, 1316 (9th Cir. 1993). In the prison context, a protected liberty interest may arise from the Constitution itself or from state policies and regulations. Sandin v. Conner, 515 U.S. 472, 484 (1995). Where a liberty interest is created by state policies or regulations, it is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relations to the ordinary incidents of prison life." Id.

Classifying an inmate as a sex offender implicates a protected liberty interest when the "stigmatizing consequences" of being labeled a sex offender are coupled with some form of mandatory behavior modification. Neal v. Shimoda, 131 F.3d 818, 830 (9th Cir. 1997) ("[T]he stigmatizing consequences of the attachment of the 'sex offender' label coupled with the subjection of the targeted inmate to a mandatory treatment program whose successful completion is a precondition for parole eligibility create the kind of deprivations of liberty that require procedural protections."). Where an inmate has been previously convicted of a sex offense after formal criminal proceedings, he "has received the minimum protections required by due process" and "[p]rison officials need do no more than notify such an inmate that he has been classified as a sex offender because of his prior conviction for a sex crime." Id. at 831. However, when an inmate "has never been convicted of a sex offense and has never had an opportunity to formally challenge the imposition of the 'sex offender' label in an adversarial setting," he is entitled to the same procedural protections outlined in Wolff v. McDonnell, 418 U.S. 539 (1974). Neal, 131 F.3d at 830-31. In other words, he is entitled to: (1) advance, written notification of the reasons for classifying him as a sex offender without having to ask; (2) a hearing where he is allowed to call witnesses and present evidence; (3) a written statement as to the evidence relied on and reasoning for the decision; (4) assistance at the hearing if he is illiterate or the matter is complex; or (5) a sufficiently impartial fact finder. Id. at 830-31 & n.14.

Inmates may have protected liberty interest in consequences that affect the length of their sentence, Sandin v. Connor, 515 U.S. 472, 477-78 (1995) (state statutes may "create[ ] a liberty interest in a 'shortened prison sentence' which result[ ] from good time credits (citation omitted)), However, while there is a liberty interest in retaining good time credits that have already been earned, there's no liberty interest in earning credits. See Ashby v. Lehman, 307 F. App'x 48, 49 (9th Cir. 2009) (prisoner had no "constitutionally-protected liberty interest in earning early release time credits"); Vickers v. Rackley, 772 Fed. Appx. 577, 578 (9th Cir. 2019) ("*Wolff* held only that prisoners have a liberty interest in retaining good time credits that they have already earned").

Inmates do not have a liberty interest in participation in rehabilitative programs. Gordon

3

v. Cate, 633 Fed. Appx. 397, 398 (9th Cir. 2016) (citing Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976)); Snider v. Redding, 68 Fed. Appx. 65 (9th Cir. 2003) (same).

### D. Fourteenth Amendment Equal Protection Clause

The Fourteenth Amendment's Equal Protection Clause requires the State to treat all similarly situated people equally. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citation omitted). "To state a claim for violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against him based upon his membership in a protected class." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (citing Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). Alternatively, a plaintiff may state an equal protection claim if he shows similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate government purpose. Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted).

### E. Eighth Amendment – Failure to Protect

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quotation marks and citations omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Id. at 834 (citations omitted). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. Rish v. Johnson, 131 F.3d 1092, 1096 (9th Cir. 1997). Speculative fear of harm at the hands of other prisoners does not constitute a sufficiently substantial risk of harm to future health and safety. See, e.g., Williams v. Wood, 223 Fed. Appx. 670, 671 (9th Cir. 2007) (citing Farmer, 511 U.S. at 842). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. He must then fail to take reasonable measures to lessen the substantial risk of serious harm. Id. at 847. Negligent failure

4

to protect an inmate from harm is not actionable under § 1983.  Id. at 835.

to protect an inmate from harm is not actionable under § 1983.  Id. at 835.